COPY

1  ROBERT H. PLATT (State Bar No. 108533)
   Email: rplatt@manatt.com
2  MARK S. LEE (State Bar No. 094103)
   Email: mlee@manatt.com
3  SETH REAGAN (State Bar No. 279368)
   Email: sreagan@manatt.com
4  Manatt, Phelps & Phillips, LLP
   11355 West Olympic Boulevard
5  Los Angeles, California 90064-1614
   Telephone:  (310) 312-4000
6  Facsimile:  (310) 312-4224

7  *Attorneys for Plaintiff*
   AEREO, INC.

8

9             UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  AEREO, INC., a New York
    corporation,
13
              Plaintiff,
14
      vs.
15
    FILMON.COM, INC. a Delaware
16  corporation; ALKIVIADES DAVID
    a/k/a ALKI DAVID, an individual; and
17  DOES 1 through 10, inclusive,
18            Defendants.

Case No. CV13-01612 PSG (AJWx)

COMPLAINT FOR:

(1) TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1114 *et seq.*)

(2) FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125(a), *et seq.*); and

(3) CYBERPIRACY UNDER THE LANHAM ACT (15 U.S.C. § 1125(d), *et seq.*)

22      Plaintiff Aereo, Inc. ("Aereo"), by its undersigned counsel, hereby alleges as

23  follows:

24                  **SUMMARY OF ACTION**

25      1.    Defendants have intentionally and repeatedly sought to free-ride off

26  the goodwill associated with Plaintiff Aereo, Inc. ("Aereo").  Defendants initially

27  sought to use as a trade name "barrydriller.com," misappropriating the name of

28  prominent Aereo investor "Barry Diller" to facilitate Defendants' launch of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

307110811.2

1   Defendants' allegedly competing service.  Defendants simultaneously adopted the

2   corporate name "Aereokiller, LLC" to identify Defendants' company that was

3   operating Defendants' allegedly competing service.  After this Court enjoined

4   Defendants from their unlawful conduct with respect to Barry Diller, Defendants

5   have now embarked on a new scheme.  In a deliberate effort to confuse the public,

6   Defendants are now using "Aero" and "Aero.tv" to identify their service, which

7   Defendants claim purportedly competes with Aereo.  Plaintiff requests judicial

8   relief to stop Defendants from using "Aero" and "Aero.tv" to identify their

9   business.

10          2.      Aereo is a technology company that enables consumers to record and

11  view broadcast television programs on internet-enabled devices using an

12  individual remote antenna and DVR.  Since its launch in February 2012, Aereo has

13  garnered widespread critical praise for its technology and has engendered massive

14  positive nationwide publicity.  As a result, Aereo is very well known and enjoys

15  very substantial goodwill associated with its federally registered trademark

16  "Aereo."

17          3.      In early 2012, certain broadcasters sued Aereo in federal court in New

18  York and sought a preliminary injunction alleging that the Aereo technology

19  enabled public performance in violation of their copyright rights.  Aereo prevailed

20  in that matter.  In July 2012, the Court denied the injunction and found that Aereo

21  did not violate any public performance copyright rights of plaintiffs.  Aereo's legal

22  success was also widely reported in the media, generating considerable nationwide

23  recognition and goodwill associated with the Aereo trademark.

24          4.      In contrast, federal courts in New York and Los Angeles have issued

25  injunctions against Defendants enjoining Defendants from offering their purported

26  services.[1]

27  ---

[1]   Plaintiff is not aware of the specific nature of Defendants' businesses.

[ . . . footnote continued . . . ]

5.     Seeking to unfairly capitalize on Aereo's extraordinary positive national publicity, widespread consumer recognition, highly favorable product reviews and judicial success, Defendants have devised a scheme to launch what they claim is a competing business called "Aero."  Defendants' "Aero" service is offered on the "Aero.tv" website.  After being enjoined from using the name "Barry Driller," Defendants have now adopted the name "Aero" in a deliberate effort to mislead and confuse the public.  They are using a confusingly similar variation of Plaintiff's federally registered "Aereo" mark to mislead the public into believing that Defendants are associated with Aereo.

6.     Plaintiff seeks injunctive relief to stop Defendants from engaging in this conduct, and damages to compensate it for the harm it has suffered, as well as to punish Defendants for their intentional and deliberate misconduct.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331.  Venue is proper in this district under 28 U.S.C. § 1391(b) in that, *inter alia*, Defendants are located in and do business in this district, and upon information and belief, operate their business from within this district.

## PARTIES

8.     Aereo is a New York corporation with a principal place of business in New York.

9.     On information and belief, Defendant Alkiviades "Alki" David

---

[ . . . continued footnote . . . ]

Defendants have represented in court that their business is like Aereo's, but that allegation was disputed by plaintiffs in that case.  There were not findings of fact sufficient to evaluate specific technological similarities or differences.  However, the exact nature of their technology is completely irrelevant to this action.  What is relevant and certain is that Defendants purport to offer a competing business.

("David") is an individual who resides in Beverly Hills, California. David is the founder and owner of various online ventures, including Defendant FilmOn.com, Inc. ("FilmOn"), FilmOn.TV Networks, Inc., FilmOn TV, Inc., and Aereokiller, LLC. David personally owns the "Aero.tv" domain name. Plaintiff is informed and believes that in conjunction with the other Defendants, David operates what appears to be an internet streaming service that Defendants call "Aero," located at the website "Aero.tv," and has been personally involved in the infringing activity described herein.

10. On information and belief, Defendant FilmOn is a Delaware corporation with its principal place of business in Beverly Hills, California, that until restrained by a court order issued by a federal court in New York in November 2010, operated a service that permitted consumers to view broadcast television programs on internet-enabled devices. Plaintiff is informed and believes that in conjunction with the other Defendants, FilmOn presently operates an internet television business on its "Aero.tv," "FilmOn.com," and "FilmOn.tv" websites.

11. The true names and capacities, whether individual, corporate, associated, or otherwise, of certain Defendants sued herein as DOES 1-10, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereupon alleges that all of the named Defendants and DOES 1-10 were or are, in some way or manner, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

## GENERAL BACKGROUND

12. Aereo is a technology company that provides consumers access to a technology platform that can be used by consumers to view over-the-air broadcast television on internet connected devices using an individual remote antenna and

1    DVR. Essentially, Aereo technology enables consumers to remotely locate their

2    home television equipment (e.g. an antenna and DVR) " in the cloud." It currently

3    operates only in the New York metropolitan area, but it has announced plans to

4    expand its operations to 22 cities in many other states.

5         13.    Aereo has invested very substantial resources to market its "Aereo"

6    brand. It markets its technology on its website at http://www.aereo.com, as well as

7    through, among other things, on-line and off-line advertising (including billboards,

8    signs and telephone kiosks), media and promotional events, tradeshows and social

9    media. Aereo's online marketing efforts alone have generated more than

10    250 million impressions. Aereo also has been the subject of over 1,900 press and

11    media articles since its launch in February 2012. Aereo's technology has been the

12    subject of highly favorable product reviews including in the *Wall Street Journal*

13    and *New York Times*.

14         14.    As a result, Aereo and its business are widely recognized by the

15    public and Aereo has developed very substantial goodwill in its business, which is

16    symbolized by its mark. Aereo has obtained a federal trademark registration in its

17    "Aereo" word mark. A true and correct copy of its trademark registration is

18    attached as **Exhibit A**.

19                **DEFENDANTS' WRONGFUL CONDUCT**

20         15.    Defendants have repeatedly and unsuccessfully attempted to launch

21    an on-line television business. However, rather than compete fairly and properly

22    in the marketplace, Defendants have repeatedly sought to advance their business

23    interests by associating themselves with Aereo.

24         16.    As noted above, Defendants have twice been enjoined by federal

25    courts in connection with their efforts to launch an on-line television business. As

26    a result of these negative juridical decisions, Defendants have an unfavorable

27    reputation in the marketplace.

28         17.    In contrast, Aereo's business—which simply allows consumers to

1   locate remotely equipment that they could otherwise have in their home to record,

2   access and view local television—has been successful in the face of a legal

3   challenge.  In March 2012, certain major broadcasting companies sued Aereo for

4   copyright infringement and sought to enjoin the operation of its business on public

5   performance grounds.  In July 2012, Aereo prevailed and the broadcasters' motion

6   for a preliminary injunction was denied.  *American Broadcasting Companies, Inc.,*

7   *et al. v. Aereo, Inc.*, 874 F.Supp.2d 373 (S.D.N.Y. 2012).  Aereo's judicial

8   success, and the prospects for its business, were widely reported in the national

9   media.

10          18.     Shortly after Aereo's judicial success, Defendants launched what they

11   called a competing service.  In an effort to associate themselves with Aereo,

12   Defendants invoked the name of Barry Diller, a prominent backer of Aereo, by

13   launching Defendants' service on the "BarryDriller.com" website and using the

14   term "Barry Driller" extensively to promote their business.  To create even further

15   confusion in the minds of the public, Defendants announced to the press that

16   Defendants' "BarryDriller.com" website was operated by a company called

17   "Aereokiller LLC."

18          19.     On August 24, 2012, this Court issued a temporary restraining order

19   requiring Defendants to cease using Barry Diller's name in their business.  On

20   September 10, 1012, this Court issued a preliminary injunction enjoining

21   Defendants from using variants of Barry Diller's name in connection with

22   Defendants' services.  *See Diller v. Barry Driller, Inc.*, 2012 WL 4044732 (C.D.

23   Cal. September 10, 2012).

24          20.     In the *Diller* action and other actions in which Aereokiller, LLC, was

25   a named defendant, Defendants filed Certifications of Interested Parties which

26   represented that Defendants had ceased using the name "Aereokiller."  However,

27   Defendants took no actions to remove their nonfunctioning "Aereokiller" name

28   from the captions of those actions, and the press continued to widely report

1    "Aereokiller's" judicial setbacks.

2         21.    Aereo was concerned that the public would be confused by news

3    reports concerning the injunctions issued against Aereokiller.  Accordingly, on

4    January 15, 2013, Aereo requested in writing that Defendants stop falsely mis-

5    identifying themselves as "Aereokiller" in the *Diller* case and other pending cases

6    to avoid confusion by the public.  Defendants have refused, and continue to refuse,

7    to comply with Aereo's request.

8         22.    On information and belief, on February 6, 2013, Defendants claim to

9    have acquired rights from a company offering a product called the "Hauppauge

10   WinTV-Aero-M."  The "Hauppauge WinTV-Aero-M" is a mini-television

11   antenna.  True and correct copies of images of that product are attached as

12   **Exhibit B**.  Defendants purport to have offered such product on their FilmOn.tv

13   website, but before February 6, 2013, they identified that product as the

14   "FilmOn.tv Air."  A true and correct copy of an image of that product is attached

15   as **Exhibit C.**

16        23.    The very next day, on February 7, 2013, Defendants filed, but have

17   not served, an action in this Court arguing that they own the trademark "Aero,"

18   and that Aereo is somehow infringing it.  As the basis for this claim, Defendants

19   claim that the "Hauppauge WinTV-Aero-M" product name had been used in the

20   marketplace prior to "Aereo."  However, prior to February 6, 2013, neither

21   Defendants nor their licensor had previously utilized the term "Aero" separate and

22   apart from the "Hauppauge WinTV-Aero-M" name.  Defendants nevertheless

23   claim that they had acquired trademark rights in "Aero" from the company that

24   marketed the "Hauppauge WinTV-Aero-M" product despite the fact that neither

25   that company nor Defendants ever used the name "Aero" alone until on or about

26   March 1, 2013.

27        24.    In that action, Defendants allege and acknowledge that "Aero" and

28   "Aereo" are confusingly similar.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

25.     On March 1, 2013, with full knowledge of "Aereo" and its federal trademark rights, Defendants launched their "Aero" internet television service, viewable on the "Aero.tv" website. The name "Aero" is used throughout the "Aero.tv" website, including being prominently displayed on the upper left corner of the website's homepage. Notably, Defendants did not even register the "Aero.tv" domain name until February 25, 2013.

26.     Defendants also issued a press release and launched a variety of advertising as described in the release. A true and correct copy of that press release is attached as **Exhibit D**.

27.     Defendants claim that their "Aero.tv" website is a competitor to Aereo's platform in that it purportedly enables subscribers to view and record live television broadcasts through internet-connected devices.

28.     The terms "Aero" and "Aero.tv" are substantially similar to Plaintiff's "Aereo" federally registered trademark. Defendants offer their services in the same geographic markets in which Aereo operates, as well as in other markets in which Aereo has announced it will expand. Defendants' use of "Aero" to promote their allegedly competitive business is therefore both intended to and likely to mislead consumers into believing that there is an association between Aereo and "Aero" when, in fact, there is none.

29.     Defendants could have selected an infinite number of names for their service but they have pursued a deliberate strategy to copy Aereo's name in order to try to associate themselves with Aereo. They first chose to use "Barry Driller" and "Aereokiller" and now "Aero." The confusing similarity between the "Aereo" and "Aero" names reflects an intentional and calculated decision by Defendants to trade on Aereo's mark to attract consumers to Defendants' business and try to divert consumers from Aereo to Defendants' business. By intentionally selecting a name that is confusingly similar to Aereo's mark, Defendants are likely to confuse and divert consumers, inducing them to use Defendants' business rather

than Aereo's.

30. Defendants' conduct as described above is completely unauthorized. Aereo has never approved, authorized, or acquiesced in Defendants' use of "Aero" or "Aero.tv." Indeed, Aereo strongly believes that the activities of Defendants are likely to confuse consumers about some association between Aereo and Defendants and, accordingly, to tarnish and cause very substantial harm to Aereo's brand.

31. Defendants' infringing and unlawful conduct is causing and will continue to cause Aereo substantial and irreparable injury by, among other things, misleading consumers into believing that Aereo sponsors or endorses the "Aero.tv" website and/or internet streaming service. Aereo believes that Defendants' products and services do not meet the high standards for quality that Aereo demands of the products and services with which its name is associated, and that associating Aereo with Defendants will tarnish Aereo's reputation. Defendants' conduct is causing and will continue to cause Aereo substantial and irreparable injury by misappropriating its rights and diluting its goodwill. Defendants have also arrogated wholly to themselves any income they have wrongfully received from their misuse of Aereo's mark. Furthermore, by intentionally selecting a name that is confusingly similar to Aereo's mark, Defendants are unlawfully attempting to confuse and divert consumers, tricking them into using Defendants' service instead of Aereo's technology. In short, Defendants' unlawful conduct constitutes an unauthorized and blatantly intentional attempt to free-ride off the valuable goodwill developed by Aereo.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114 *et seq.*)

(Against All Defendants)

32. Aereo repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 31 above.

1    33.    By reason of the foregoing, Aereo asserts a claim against Defendants

2    for injunctive and monetary relief, treble damages, costs and attorneys' fees

3    pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.

4                    **SECOND CLAIM FOR RELIEF**

5              (False Designation of Origin and False Endorsement

6                  Under the Lanham Act, 15 U.S.C. § 1125(a))

7                        (Against All Defendants)

8    34.    Plaintiff repeats and incorporates by reference each and every

9    allegation contained in paragraphs 1 through 33 above.

10    35.    Defendants' wrongful conduct as described above has damaged and is

11    continuing to damage and impair Aereo's rights in its registered and common law

12    marks by, among other things, exploiting those rights and thus diminishing their

13    value.

14    36.    Further, Defendants have injured and continue to injure Aereo by

15    attempting to draw an association between it and their own service and attempting

16    to confuse consumers, even though Aereo has not chosen to associate itself with

17    their service and has no desire to be associated with it, and even though

18    Defendants' purported service is intended to compete with Aereo.

19    37.    Defendants have also injured Aereo by commercially exploiting its

20    mark without Aereo's retaining control thereof or receiving any income properly

21    owing to it.

22    38.    By reason of the foregoing, Plaintiff asserts a claim against

23    Defendants for injunctive relief, damages, costs and attorneys' fees pursuant to

24    15 U.S.C. §§ 1125, 1116, and 1117.

25                    **THIRD CLAIM FOR RELIEF**

26              (Cyberpiracy Under the Lanham Act, 15 U.S.C. §1125(d))

27                        (Against All Defendants)

28    39.    Plaintiff repeats and incorporates by reference each and every

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

307110811.2                              10

1   allegation contained in paragraphs 1 through 38 above.

2        40.    On information and belief, Defendants registered the domain name

3   "Aero.tv" for purposes of hosting a website to promote, market, and sell their

4   service.

5        41.    Plaintiff's "Aereo" mark was famous and distinctive at the time

6   Defendants registered the "Aero.tv" domain name. Defendants' "Aero" name is

7   nearly identical and confusingly similar to Plaintiff's "Aereo" mark. The only

8   difference between the two is a single "e" that Defendants deleted from Aereo's

9   mark.

10       42.    Defendants registered and are now using the "Aero.tv" domain name

11  with a bad-faith intention to profit from that domain name and its confusing

12  similarity to Plaintiff's "Aereo" mark. Defendants have no intellectual property

13  rights in Plaintiff's "Aereo" mark, or "Aero," or the "Aero.tv" domain name.

14  Prior to registering the domain name, Defendants never made any bona fide

15  offering of goods or services with the "Aero" mark or "Aero.tv" domain name.

16       43.    By selecting a domain name that is confusingly similar to Plaintiff's

17  "Aereo" mark, Defendants are unfairly attempting to divert consumers and

18  potential business, so that consumers will unwittingly use Defendants' service

19  instead of Aereo's business.

20       44.    Defendant's cyberpiracy has caused and, unless and until enjoined

21  and restrained by order of this Court, threatens to and will continue to cause great

22  and irreparable harm to Plaintiff.

23       45.    By reason of the foregoing, Plaintiff asserts a claim against

24  Defendants for injunctive relief, damages, costs and attorneys' fees pursuant to

25  15 U.S.C. §§ 1125, 1116, and 1117.

26                    **PRAYER FOR RELIEF**

27       WHEREFORE, Plaintiff demands judgment in its favor and against

28  Defendants as follows:

1.  For a preliminary and a permanent injunction prohibiting Defendants from using "Aero" and "Aero.tv," or any other confusingly similar variant of the "Aereo" mark, to operate Defendants' commercial websites, promote or identify Defendants' business, or in any other manner infringe Plaintiff's trademark and other rights;

2.  For an order requiring transfer of the "Aero.tv" domain name to Plaintiff;

3.  For compensatory, general and treble damages in an amount to be proven at trial, or in the alternative, statutory damages;

4.  For prejudgment interest on any recovery by Plaintiff;

5.  For costs of suit incurred herein, including reasonable attorneys' fees and expenses; and

6.  For such other and further relief as the Court deems just and proper.

Dated:    March 6, 2013

Robert H. Platt
Mark S. Lee
Seth Reagan
Manatt, Phelps & Phillips, LLP

By: _Robert H. Platt_ (SHR)
Robert H. Platt
*Attorneys for Plaintiff*
AEREO, INC.

# EXHIBIT A

# United States of America
### United States Patent and Trademark Office

# AEREO

**Reg. No. 4,293,088**

**Registered Feb. 19, 2013**

**Int. Cls.: 38 and 39**

**SERVICE MARK**

**PRINCIPAL REGISTER**

AEREO, INC. (NEW YORK CORPORATION)
37-18 NORTHERN BOULEVARD, SUITE 512
LONG ISLAND CITY, NY 11101

FOR: ELECTRONIC RECEPTION AND DELIVERY OF AUDIO, VIDEO AND MULTIMEDIA CONTENT VIA COMMUNICATIONS NETWORKS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 2-1-2012; IN COMMERCE 2-1-2012.

FOR: ELECTRONIC STORAGE OF AUDIO AND VIDEO CONTENT, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 2-1-2012; IN COMMERCE 2-1-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE ENGLISH TRANSLATION OF "AEREO" IN THE MARK IS "AIRPLANE".

SN 85-436,259, FILED 9-30-2011.

JOHN DWYER, EXAMINING ATTORNEY



*Acting Director of the United States Patent and Trademark Office*

# EXHIBIT B





Search

Choose your country or region

**Hauppauge!**

USA

| home | products | support | where to buy | web store | contact us | facebook |

Home | Products | External TV tuners

## External TV tuners

### For the U.S., Canada and South Korea



#### WinTV-Aero-m

**Live mobile TV on your netbook or notebook. Watch live broadcast TV on the go!**
Watch the new ATSC M/H mobile broadcasts in the U.S. on any USB equipped netbook or notebook!
Also receives live over-the-air HD ATSC broadcasts. Watch HD TV on your PC, netbook or notebook.



#### WinTV-HVR-850 USB stick

**NTSC cable TV and ATSC High definition TV tuner for PCs or notebook**
Watch and record cable TV or over-the-air ATSC high definition digital TV, programs, in a window or full screen on your PC or laptop monitor.
Schedule your analog and digital TV recordings, using high quality MPEG-2. Use our SoftPVR and SoftMCE for analog TV recordings.
Pocket size, easy to install on USB2.



#### WinTV-HVR-950Q USB stick

**ATSC/NTSC/QAM TV tuner for PCs or notebooks**
Watch and record ATSC, NTSC or clear QAM digital cable TV on your PC or laptop.
Schedule your analog and digital TV recordings, using high quality MPEG-2. Use our SoftPVR and SoftMCE for analog TV recordings.
A complete package for travelers. Includes credit card size remote control, portable digital TV antenna and A/V cable.
Pocket size, easy to install on USB 2. The perfect traveling companion for desktop or laptops.



#### WinTV-HVR-1500 Express Card 54mm TV tuner

**Watch NTSC and High Definition ATSC/QAM digital TV on your laptop or notebook**
Watch and record cable TV, over-the-air ATSC high definition digital TV or clear QAM digital cable TV, in a window or full screen on your laptop computer.
Schedule your analog and digital TV recordings, using high quality MPEG-2. Use our SoftPVR and SoftMCE for analog TV recordings.
Supports all ATSC digital formats, including 1080i.
Supports clear QAM channels with the new WinTV v6 application
Pocket size, easy to install in the Express Card/54mm slot found in most new laptop computers.
The perfect traveling companion for laptops users.



#### WinTV-HVR-1950 high performance USB TV tuner

**NTSC analog, clear QAM digital cable TV and ATSC High Definition TV tuner for PCs or notebook**
Watch and record NTSC, ATSC or clear QAM digital TV, in a window or full screen on your PC or laptop monitor.
Supports clear QAM channels with the new WinTV v6 application
Schedule your analog and digital TV recordings, using high quality MPEG-2
Includes built-in hardware MPEG-2 encoder for analog cable TV and external audio/video recordings
Includes built-in audio/video connectors for recording from VCRs and camcorders
Includes built-in IR blaster for controlling the channels on set top boxes

- Home
- About Us
- Investor Relations

Hauppauge WinTV Aero-m Reviews - Reviews

Join CNET
Sign in with

CNET Reviews

# Hauppauge WinTV Aero-m (ATSC HDTV receive



## Average User Rating

Not available **Write review [http://www.cnet.com/tv-tuner-adapters/hauppauge-wintv-aero-m/4852-9332_7-34844888.html#submitReview]**

## Price Range

Not available Set alert

# Quick Specifications

**See all specs [http://www.cnet.com/tv-tuner-adapters/hauppauge-wintv-aero-m/4507-9332_7-34844888.html]**

Product Description Hauppauge WinTV Aero-m - ATSC HDTV receiver - Hi-Speed USB

Interface Type Hi-Speed USB

Video Input - External

# EXHIBIT C



# EXHIBIT D

PRESS RELEASE

March 1, 2013, 12:33 p.m. EST

# Billionaire Alki David Says Barry Diller Should Turn Over "Lame Aereo Domain Name" as FilmOn.TV Offers Superior Service for Free
## FilmOn.TV Launches Free Local and Premium TV Service in New York With $100 Million Dollar Ad Campaign

NEW YORK, March 1, Mar 01, 2013 (GLOBE NEWSWIRE via COMTEX) -- (http://www.FilmOn.TV)

An irreverent commercial featuring Alki David, the controversial billionaire and founder of FilmOn.TV, started airing in New York and the Tri-State area today, offering consumers five hundred live TV Channels as well as DVR storage space for free!

The offering includes all the local Major Networks NBC, CBS, Fox and ABC as well as a wide range of premium US brands such as TMZ Live, Sesame Street, Nickelodeon, ESPN, MSNBC and Wall Street Journal. Also celebrity driven channels including Anderson Cooper and Chelsea Handler are included. A wide selection of Latin and International content is also freely available.

The TV Ad campaign promotes the free FilmOn service to consumers and the fact that they can watch live or record to remote DVRs. Consumers can watch their favorite shows live on mobile devices, PCs and internet-connected TVs or playback at a later time.

The worldwide TV ad campaign that starts in New York is accompanied by online, print and outdoor media which will also be rolled out in the coming weeks in the other thirty major US markets in which the FilmOn service is already freely available.

"FilmOn is a world-wide platform and already serving geo-restricted local television in thirty major US markets including New York, New-Jersey, Connecticut, Chicago, Los Angeles, Dallas, Miami, Washington DC, San Francisco and Denver. Boston will be coming online next week and one additional city a week will be added thereafter", said founder and CEO Alki David.

The additional TV channels on offer at FilmOn are made up of content deals FilmOn has secured and include major providers such as the Arena Football League, Football Premiership, NCAA, IMG, Disney, NBC and many others. FilmOn also offers its own brand of content and interactive television through its Los Angeles-based broadcast station KILM (BATTLECAM LIVE) which is also freely available on FilmOn.

About the business Mr. David said: "The FilmOn business model is based on the notion that today the consumer expects to receive content for free. FilmOn is breaking conventions but also bringing back the youth to watch TV. Additional services such as expanded DVR and HD viewing carry a premium which a smaller user group would be willing to pay for."

FilmOn subsidizes the free offering with pre-roll commercials and mid-roll ads where FilmOn controls the space. This provides advertisers with in-depth analytics and consumer behavior previously unavailable to broadcasters.

In a much-publicized copyright lawsuit with Barry Diller's Aereo, Mr. David added: "Aereo is not a threat. We really tried to get friendly with them and join forces but Barry Diller sued me over a joke! They have no content of their own and actually ask the consumer to pay for something that is already freely available. By example our own white label version AERO.TV is an embarrassment of riches compared to Aereo's lame effort! In Europe and the Middle East FilmOn is already the premier online TV brand. Our partnership with Lenovo will help us break deep into Asia. Let's face it Barry should quit while he's still a little relevant and turn over Aereo.com which by rights belongs to me anyway!"

The first commercial to hit the TV screens features FilmOn founder and CEO Alki David driving a red Ferrari at high speed while watching TV on a mobile phone. A second commercial featuring Mike The Situation from Jersey Shore fame will appear on local television in the coming weeks.

The graphical image attached is a side-by-side comparison from Amazon's online data site Alexa.com depicting the popularity differences between FilmOn and Aereo. FilmOn clearly towers over Aereo.

The commercial http://youtu.be/h6WTwRke1WI

This information was brought to you by Cision http://news.cision.com

http://news.cision.com/filmon-live-tv/r/billionaire-alki-david-says-barry-diller-should-turn-over--lame-aereo-domain-name--as-filmon-tv-offe,c9378302

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV13- 1612 PSG (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

MARK S. LEE (State Bar No. 094103)
Email: mlee@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: 1-310-312-4000
Facsimile: 1-310-312-4224
Attorneys for Plaintiff AEREO, INC.

COPY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEREO, INC., a New York corporation, | CASE NUMBER |
| PLAINTIFF(S) | CV13-01612 PSG(AJWx) |
| v. | |
| FILMON.COM, INC., a Delaware corporation; ALKIVIADES DAVID a/k/a ALKI DAVID, an individual; and DOES 1 through 10, inclusive, | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Mark S. Lee, Esq., whose address is Manatt, Phelps & Phillips, LLP, 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAR - 6 2013

Dated: _____

Clerk, U.S. District Court

By: __JULIE PRADO_____
            Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*


American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

AEREO, INC., a New York corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

FILMON.COM, INC., a Delaware corporation; ALKIVIADES DAVID a/k/a ALKI DAVID, an individual; and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Mark S. Lee (State Bar No. 094103)
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Tel.: 1-310-312-4000; Fax: 1-310-312-4224

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** no amount stated

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement under the Lanham Act; False Designation of Origin under the Lanham Act; Cyberpiracy under the Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property |  | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other |  |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** |  |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act |  |
|  | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act |  |
|  |  |  | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation |  |
|  |  |  | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act |  |

FOR OFFICE USE ONLY: Case Number: _____  CV13-01612

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ NO  ☒ YES

If yes, list case number(s):  CV-12-07200 ABC (JCx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose. **NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Mark S. Lee_   DATE: March 6, 2013

MARK S. LEE

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com